UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GEORGE MICHAEL GRAY,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.: 3:93-cr-00310-HA<br>             3:12-cv-01103-HA<br><br>ORDER DENYING PETITION AND ESTABLISHING PRE-FILING REVIEW |

HAGGERTY, District Judge:

Petitioner George Michael Gray recently filed a Petition for a Writ of Habeas Corpus [543] in which he asserts that a change in the substantive law, namely *United States v. Booker*, 543 U.S. 220 (2005), renders his life sentence unconstitutional. Although defendant purports to bring his motion under 28 U.S.C. § 2241, it is in fact his fifth request for relief pursuant to 28 U.S.C. § 2255.

Petitioner was convicted in 1995 of four counts related to the manufacturing or possession of methamphetamine, including conspiracy and use of a firearm under 18 U.S.C. § 924(c). Petitioner was sentenced to life on the conspiracy and manufacturing charges, twenty

1 -- ORDER

years on the possession charge to be served concurrently, and sixty months on the firearm charge to be served consecutively with the life sentence. On direct appeal, the Ninth Circuit Court of Appeals vacated the conviction on the firearm charge, but otherwise affirmed petitioner's conviction and sentence. In October 2008, this court issued an Amended Judgment dismissing the firearm count.[1] Petitioner's sentence on the three other counts remained unchanged.

Since his original conviction, petitioner has filed four motions in this court seeking to vacate his sentence pursuant to 28 U.S.C. § 2255.[2] This court denied petitioner's first motion in March 1999, and the Ninth Circuit subsequently denied his request to file a successive petition. Petitioner then filed three other motions which were dismissed on the grounds that they were successive petitions that had not been certified by the Ninth Circuit. Petitioner has now filed his fifth motion seeking to vacate his life sentences, although this time his motion is presented as a § 2241 petition.

As a general rule, a federal prisoner may challenge the legality of his detention only by filing a 28 U.S.C. § 2255 motion with the district court that imposed his or her sentence. *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (citations omitted). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *Id.* According to the statute, the

---

[1] The court granted petitioner's motion to dismiss the firearm count in March of 1998 following the issuance of the Mandate from the Ninth Circuit. A formal Amended Judgment was not entered until 2008 due to administrative inadvertence.

[2] Petitioner also filed a Petition for Writ of *Audita Querela* in February of 2012. *See Gray v. United States*, 3:12-cv-315-HZ. Judge Hernandez denied petitioner's request on March 23, 2012, finding that petitioner's attack on his sentence pursuant to *Booker* is a claim that must be brought in a § 2255 petition, and that the writ of *audita querela* is unavailable to him. The Ninth Circuit subsequently denied petitioner's request for a certificate of appealability.

court may not consider a successive § 2255 petition unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* (citing 28 U.S.C. § 2255(h)).

Notwithstanding the successive petition barrier, a federal prisoner may also file a 28 U.S.C. § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). A § 2241 petition, known as "the escape hatch" of § 2255, is the proper method for challenging the legality of a federal sentence only when a prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* (citation omitted).

To avoid the bar against successive § 2255 petitions, prisoners often characterize their motions as pleadings that do not require certification from the appellate court, such as § 2241 petitions. *Washington*, 653 F.3d at 1059-60 (citations omitted). The court therefore must determine whether a disguised motion should be treated as a successive § 2255 petition. The Supreme Court has explained that when a prisoner's motion does not challenge the integrity of the previous habeas corpus proceedings, but instead effectively "asks for a second chance to have the merits determined favorably," the court should treat the motion as a successive § 2255 petition. *Id.* at 1063 (citing *Gonzales v. Crosby*, 545 U.S. 524, 532 n.5 (2005)). Similarly, if "[i]t is apparent from the face of the § 2241 petition that the petitioner raises previously unsuccessful

3 -- ORDER

claims attacking only the legality of his conviction and not the execution of his sentence," the court should treat the petition as a § 2255 motion. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (citing *Porter v. Adams*, 244 F.3d 1006, 1006-07 (9th Cir. 2001)) (internal quotation marks omitted).

Here, petitioner asserts that subsequent to his direct appeal and initial § 2255 motion, the "substantive law changed such that the conduct for which he was convicted [is now] deemed not criminal, because it was not decided by his jury . . . ." Petition at 1. He characterizes his claim as one for "actual innocence" because he has never had an opportunity to utilize the constitutional principles outlined in *Booker*. *Id.* at 2. Petitioner, however, first raised the claim that *Booker* rendered his life sentence unconstitutional in February 2005, shortly after *Booker* was decided. *See* Motion for Reconsideration [479]. This court promptly denied petitioner's motion because the rules pronounced in *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004), "do not apply retroactively, and it is undisputed that defendant's sentence became final before *Blakely* or *Booker* were decided." Order [481] at 4 (citing *Booker*, 543 U.S. at 268). Petitioner therefore raises previously unsuccessful claims in his most recent petition.

Petitioner's claim also does not qualify for the escape hatch. First, petitioner did not have an unobstructed procedural shot to pursue his *Booker* claim. Although the legal basis for his claim "did not arise until after he had exhausted his direct appeal and first § 2255 motion," he cannot establish that the law changed "in any way relevant" to his claim after his first § 2255 motion. *See Harrison*, 519 F.3d at 960 (citations omitted). The Ninth Circuit has consistently held that *Booker* does not apply to cases on collateral review, even if a petitioner was granted leave to file a successive petition. *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007)

4 -- ORDER

(citing *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (per curiam)). Even with a liberal construction of petitioner's pleading, petitioner has offered no evidence tending to show that he is factually innocent of the offenses underlying his convictions, or that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (internal quotation marks omitted). His claim regarding the legality of his sentence in light of *Booker* is a legal claim that has nothing to do with factual innocence. *See Marrero*, 682 F.3d at 1193-94 (discussing cases where the prisoner challenged the legality of a sentence rather than his or her factual innocence of the underlying conviction).

Finally, to the extent that petitioner argues that his current petition, if construed as a § 2255 petition, is not successive because it was filed after this court entered an Amended Judgment in this action, petitioner's substantive claim fails on the merits. Even if this court construes petitioner's current petition as his first § 2255 challenge regarding the legality of the Amended Judgment, the rule in *Booker* does not apply retroactively to petitioner. *Cruz*, 423 F.3d at 1121 ("*Booker* is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker*'s publication.").

Because petitioner has filed numerous motions and petitions challenging his sentence that have primarily been deemed successive, frivolous, or otherwise meritless, this court finds that a Pre-filing Order is necessary to conserve judicial resources and to prevent abuse of the judicial process.

### PRE-FILING ORDER

**The Clerk is ordered to REVIEW ALL FILINGS from GEORGE MICHAEL GRAY, individually, or in alleged connection with any other party, and SHALL NOT BE**

5 -- ORDER

**FILED IF SUCH FILINGS ARE DEEMED TO BE SUCCESSIVE PETITIONS OR ARE OTHERWISE FRIVOLOUS.** This Pre-Filing Review Order is effective immediately and shall remain in effect until the court otherwise directs.

## CONCLUSION

For the reasons provided, petitioner's Petition for a Writ of Habeas Corpus [543] is DENIED, and his Motion to Proceed In Forma Pauperis [544] is DENIED as moot. Any further filings presented by petitioner shall be in strict compliance with this court's Pre-Filing Order or shall be declined.

The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 6 day of August, 2012.

Ancer L. Haggerty
United States District Judge